**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 10 CR 1057 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| JOHN L. FORT, III, | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss [29] Counts One through Five of the indictment [1] and Defendant's motion requesting disclosure of grand jury information [33]. For the reasons set forth below, the Court respectfully denies both motions [29 and 33].

**I.    Background**

On September 27, 2010, Magistrate Judge Valdez signed a nine-count complaint charging eleven Defendants, including Defendant John Fort, with drug-related crimes. *United States v. Romero, et al.*, 10-cr-803. In that complaint, Defendant Fort was charged in only one count (Count Nine), which alleged that he conspired with Roberto Romero and with others known and unknown to possess with intent to distribute and to distribute 100 grams or more of heroin. Count Nine of that complaint charged Defendant alone; no other Defendants were included in that charge. Attached to the complaint was a 152-page affidavit outlining probable cause for the complaint, which included descriptions of numerous telephone calls intercepted pursuant to court-authorized wiretaps on the telephones of Roberto Romero. Approximately fifteen pages of the affidavit pertained to Defendant Fort.

On October 25, 2010, at the request of Defendant Fort, Magistrate Judge Valdez held a preliminary hearing where an FBI agent testified with respect to the allegations in the complaint affidavit and about Defendant Fort's post-arrest statement. Defendant did not present any

evidence at the preliminary hearing. Magistrate Judge Valdez found that there was probable cause for Fort's arrest.

Ten separate indictments arose from the complaint filed in *United States v. Romero, et al.*, 10-cr-803. The grand jury indicted Defendant Fort on December 15, 2010, under the present case number, and the Government then dismissed Fort from case number 10-cr-803. The five counts contained in the present indictment arise from the conduct outlined in the complaint affidavit for 10-cr-803. Specifically, the indictment in this case charges that the beginning no later than April 2010 and continuing until approximately August 2010, in Chicago and elsewhere, Defendant Fort conspired with others (known and unknown) to knowingly and intentionally possess with intent to distribute and to distribute 100 grams or more of heroin in violation of Title 21 U.S.C. §§ 841(a)(1) and 846 (Count I). The indictment further charges that on or about July 22, 2010, Defendant Fort knowingly and intentionally possessed with intent to distribute 100 grams or more of heroin (Count II), and also on July 22, 2010, at approximately 6:23 p.m., Defendant Fort knowingly and intentionally used a cell phone in the commission of a felony (Count III). The indictment further alleges that shortly thereafter, on July 27, 2010, Defendant Fort knowingly and intentionally possessed with intent to distribute 100 grams or more of heroin (Count IV), and on July 27, at approximately 6:37 p.m., Defendant Fort knowingly and intentionally used a cell phone in the commission of a felony (Count V).

## II.     Motion to Dismiss

### A.     Legal Standard

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a party to make a pretrial motion that challenges the sufficiency of an indictment or an information. The contents of an indictment or information, in turn, are spelled out in Federal Rule of Civil Procedure 7(c)(1). The Seventh

Circuit teaches that an indictment is constitutionally adequate and complies with Rule 7(c)(1) where it (i) states the elements of the offense charged, (ii) fairly informs the defendant of the nature of the charge so that he or she may prepare a defense, and (iii) enables the defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); see also *Hamling v. United States*, 418 U.S. 87, 118 (1974) (discussing precedent and describing when the language of an indictment will be deemed sufficient); *Russell v. United States*, 369 U.S. 749, 763 (1962) (among the criteria for gauging sufficiency of an indictment are whether it includes "the elements of the offense intended to be charged" and whether is "sufficiently apprises the defendant of what he must be prepared to meet").

The Supreme Court has long held that "[a]n indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. U.S.*, 350 U.S. 359, 362 (1956). Indictments are to be reviewed "on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Cox*, 536 F.3d 723 (7th Cir. 2008). A motion to dismiss an indictment is not "a means of testing the strength or weakness of the government's case.'" *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). Thus, while an indictment may be dismissed if subject to a defense that raises a purely legal question (*United States v. Labs of Virginia, Inc.*, 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003)), a defense that relates to the strength of the Government's evidence ordinarily must wait for the trial. *Moore*, 563 F.3d at 586 (inquiry at the motion to dismiss phase is to determine "if it's possible to view the conduct alleged" as constituting the crime alleged); *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (noting the ordinary rule while affirming a district

3

court that dismissed an indictment as to which, under the undisputed facts, "there was no case to prove").

**B. Analysis**

The indictment here includes five counts: one count of conspiracy to posses with intent to distribute and to distribute 100 grams or more of heroin in violation of Title 21, United States Code, Section 846 (Count I); two counts of possessing with intent to distribute 100 grams or more of heroin in violation of Title 21, United States Code, Section 841(a)(1) (Counts II and IV); and two counts of using a communication facility, namely a cell phone, in committing and in causing and facilitating the commission of conspiracy charged in Count One in violation of Title 21, United States Code, Section 843(b) (Counts III and V). The language in the indictment tracks the language in each of the applicable statutes, and thus states all of the elements of the charged crimes. The indictment adequately informs Defendant of the nature of the charges and includes additional factual allegations, such as dates, and, with respect to Counts Three and Five, the exact times of the offenses. Moreover, given the detailed complaint affidavit from case number 10-cr-803, Defendant certainly is "aware of the specific conduct at issue." *United States v. White*, 610 F.3d 956, 958-59 (7th Cir. 2010).

Defendant argues that the indictment should be dismissed because it "fails to allege a co-conspirator, or evidence of an unknown co-conspirator." See DE 29 at 3. However, Count One of the indictment alleges in part that Defendant "did conspire with others known and unknown to the Grand Jury." Defendant cites no authority that the indictment must specifically name the alleged coconspirator(s), and indeed, no such requirement exists. And in any event, the affidavit submitted with the criminal complaint makes clear to Defendant that the Government alleges that at least one of Defendant's co-conspirators is Roberto Romero. Furthermore, the Government

4

represents that it has produced to Defendant numerous telephone calls that Defendant had with Roberto Romero, allegedly in furtherance of the conspiracy.

Defendant also argues that "the statements used to indict him are based on double hearsay not made in furtherance or during the course of the conspiracy." See DE 29 at 3. The Government disputes that characterization of the evidence. However, even if Defendant had the better of that argument, it would not be a reason to dismiss the indictment. In evaluating the sufficiency of an indictment, a court is not to "consider whether any of the charges have been established by evidence or whether the government can ultimately prove its case." *White*, 610 F.3d at 959; *United States v. Sampson*, 371 U.S. 75, 78-79 (1962). The proper inquiry is whether the Government has alleged a conspiracy, not whether there is sufficient evidence to prove a conspiracy. Furthermore, as the Government points out, Defendant's own statements recorded pursuant to court-authorized wiretaps are not hearsay, Fed. R. Evid. 801(d)(2)(A), nor are statements of his coconspirators made in furtherance of the conspiracy, Fed. R. Evid. 801(d)(2)(E).

Defendant further argues that an indictment must be dismissed before trial "when there is no dispute about what the evidence will be and it is clear that the evidence cannot suffice to prove the charged offense beyond a reasonable doubt." See DE 29 at 6. In this case, the charges against Defendant arose out of court-authorized wiretaps on his coconspirator's telephones, allegedly corroborated by surveillance and Defendant's own post-arrest statement where he identified his own voice, and his coconspirator's voice, on the intercepted calls and said words to the effect that he was mad at himself for getting himself into this situation, that he was "dead," and that his "life is over." Defendant's motion to dismiss the indictment is denied.

### III. Disclosure of Grand Jury Information

Defendant requests grand jury materials that are presumptively secret and subject to disclosure only in extremely limited circumstances. Fed. R. Crim. P. 6(e); *Douglas Oil Co. v. Petrol Stops N.W.,* 441 U.S. 211, 222 (1979). To obtain grand jury materials, one must make a showing of particularized need that "the information 'is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only material so needed.'" *United States v. Campbell* ("*Campbell II*"), 324 F.3d 497, 498-99 (7th Cir. 2003) (quoting *Douglas Oil Co.,* 441 U.S. at 222); *United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 443, (1983). In deciding whether a party has made such a showing, "the district court has 'substantial discretion.'" *Hernly v. United States,* 832 F.2d 980, 984 (7th Cir. 1987) (quoting *Douglas Oil,* 441 U.S. at 222-23); see also *U.S. v. Calabrese*, 2010 WL 3613973, at *1 (N.D. Ill. Sept. 8, 2010).

Defendant has not met his burden. With respect to the "particularized need" for the materials, Defendant's rationale for his request is that, in his view, given the "paucity of evidence" against him, the only possible explanation for the return of the indictment is the Government's "blatant and overreaching falsities at the expense of the truth." DE 33 at 1-2. Yet, not only did the grand jury find probable cause to indict, but Magistrate Judge Valdez also found probable cause after a preliminary hearing in case number 10-cr-803 (after previously finding probable cause when signing the complaint).

Moreover, "a defendant is not entitled to litigate the sufficiency of evidence presented to the grand jury." *United States v. English*, 501 F.2d 1254, 1257 (7th Cir. 1974). As explained by the Supreme Court, doing so would unnecessarily delay the proceedings because the defendant may challenge the sufficiency of evidence at trial:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.

*Costello v. United States*, 350 U.S. 359, 408-09 (1956); see also *United States v. Williams*, 504 U.S. 36, 54-55 (1992).

With respect to the second *Douglas Oil* factor, Defendant has not established that "the need for disclosure is greater than the need for continued secrecy" of the grand jury materials. Given the findings of probable cause, the court-authorized wiretapped conversations between Defendant and a co-conspirator, Defendant's post-arrest statement, and the detailed complaint affidavit from case number 10-cr-803, the need for disclosure in the present case is limited at best and does not outweigh the need for continued secrecy.

Finally, with respect to the third *Douglas Oil* factor, Defendant has not narrowly structured his request. Defendant not only seeks transcripts of the testimony presented to the grand jury, but he seeks (1) identities of all individuals to whom grand jury materials were disclosed; (2) transcripts of the instructions given to the grand jury at the time of impanelment as well as at the time of indictment, and (3) all orders or letters of immunity given to any grand jury witness. Defendant has not established his entitlement to any of these materials. To the extent that his request seeks grand jury transcripts of testimony of any trial witness against him, the Government represents that it will produce these transcripts, if they exist, at the appropriate time under Title 18, United States Code, Section 3500. Defendant's motion is denied.

## IV.     Conclusion

For the reasons stated above, Defendant's motion to dismiss [29] Counts One through Five of the indictment [1] and Defendant's motion requesting disclosure of grand jury information [33] are both denied.

Dated:  August 26, 2011            _____
                                   Robert M. Dow, Jr.
                                   United States District Judge